IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KEVIN DEYON ROSSUM, #78505, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:23-cv-017-JDK-JDL |
| | § | |
| KILGORE POLICE DEPARTMENT, | § | |
| et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kevin Deyon Rossum filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 pro se and *in forma pauperis* as a pretrial detainee in the Gregg County Jail. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On February 13, 2023, the Magistrate Judge issued a Report recommending that the case be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e) due to Plaintiff's failure to state a claim for which relief can be granted. Docket No. 9. A copy of this Report was sent to Plaintiff, who has filed written objections. Docket No. 16.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire

1

record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to *de novo* review. *See U.S. v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (unpublished) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

Plaintiff sued the Kilgore Police Department, Kilgore Police Officer Charles Taylor, and Police Chief Johnathan Gage over Plaintiff's traffic stop and arrest by Taylor, which Plaintiff alleged was the result of racial profiling. Docket No. 6. The Magistrate Judge found that Plaintiff's claims of racial discrimination were

conclusory and that he did not allege any facts that would plausibly establish any racial animus as a cause for his stop or arrest. Docket No. 9 at 6. He also found that Plaintiff had failed to allege any personal involvement by Chief Gage in the allegedly discriminatory stop or arrest and that any claim based simply on Gage's role as Taylor's supervisor was not sufficient to establish liability under Section 1983. *Id.* at 6–7. Finally, the Magistrate Judge found that the Kilgore Police Department is not a person subject to suit under Section 1983. *Id.* at 7.

Most of Plaintiff's objection is devoted to arguing that there was no basis for his stop or arrest. Docket No. 16. But even that were true, an unfounded stop or arrest is not necessary a racially discriminatory stop or arrest. As the Magistrate Judge explained, Plaintiff's allegations simply do not satisfy the requirements to state a claim for racial profiling. *See* Docket No. 9 at 6.

Plaintiff's objection also raises issues that are immaterial to this matter, including the alleged mishandling of his uncle's death in an automobile accident and the impact upon Plaintiff's family of his incarceration. Docket No. 16 at 5. None of those circumstances has any bearing on whether Plaintiff has alleged facts that would demonstrate that Defendant Taylor had a discriminatory purpose in stopping and arresting him.

In his objection and a subsequent letter, Plaintiff also discusses Chief Gage's role as Taylor's supervisor and his responding to Plaintiff that Officer Taylor's actions had not violated department policy. Docket No. 16 at 7; Docket No. 19. But neither of those circumstances would be sufficient to make Chief Taylor individually liable

under Section 1983 or to establish a racially discriminatory policy as required to make him liable in his official capacity.

The Court has conducted a careful de novo review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such de novo review, the Court has determined that the Report of the United States Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Docket No. 9) is **ADOPTED** as the opinion of the Court. Plaintiff's objections (Docket No. 16) are **OVERRULED**. This case is **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e) Any pending motions are **DENIED** as **MOOT**.

So **ORDERED** and **SIGNED** this **22nd** day of **May, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE